# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, | Case No. 2:22-cv-1391-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Samantha Bernedette, et al., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 40) recommending that Plaintiff's motion for preliminary injunction be denied. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and denies Plaintiff's motion.

## I. Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendants alleging Defendants were deliberately indifferent to Plaintiff's serious medical needs when Plaintiff contracted COVID-19.

On September 21, 2022, Plaintiff filed a motion for preliminary injunction. (Dkt. No. 33). Defendants oppose. (Dkt. No. 39) (attaching Plaintiff's medical records showing treatment for breathing issue). Plaintiff asks that the Court transfer him to "another 24 hour medical facility." (Dkt. No. 33 at 3).

On October 18, 2022, the Magistrate Judge filed an R&R recommending Plaintiff's motion be denied. (Dkt. No. 40).

Plaintiff did not file objections to the R&R.

Plaintiff's motion is fully briefed and ripe for disposition.

## II. Legal Standards

### a. Motion for Preliminary Injunction

To obtain a preliminary injunction, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *see also*, *Smith v. Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). All four requirements must be satisfied in order for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted).

Plaintiff must "clearly" demonstrate that he is "likely" to succeed on the merits. *Real Truth About Obama*, 575 F.3d at 346–57; *Carcaño v. McCrory*, 203 F.Supp.3d 615 (M.D.N.C. Aug. 26, 2016). A party seeking a preliminary injunction must show that he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20, 129 S.Ct. 365. Irreparable injury must be both imminent and likely; speculation about potential future injuries is insufficient. *Id.* at 22, 129 S.Ct. 365. Plaintiff bears the burden of showing that each factor supports his request for preliminary injunction. *Direx Israel, Ltd.*, 952 F.2d at 812.

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### III. Discussion

Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error. After a thorough review of the R&R, the applicable law, and the record of this case, the Court adopts the R&R in its entirety and hereby incorporates the R&R by reference. Accordingly, Plaintiff's motion for a preliminary injunction is denied.

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 40) as the order of the Court and **DENIES** Plaintiff's motion for preliminary injunction (Dkt. No. 33).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

November 15, 2022
Charleston, South Carolina