IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robbie Collins, | ) | Case No. 2:22-cv-1391-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Samantha Bernedette, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 98) recommending that Plaintiff's second and third motions for preliminary injunctive relief be denied (Dkt. Nos. 65, 70). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and denies Plaintiff's motions.

**I.     Background**

Plaintiff, proceeding *pro* se and *in forma pauperis*, filed a complaint against Defendants alleging Defendants were deliberately indifferent to Plaintiff's serious medical needs when Plaintiff contracted COVID-19.

On November 15, 2022, the Court denied Plaintiff's first motion for preliminary injunction. (Dkt. No. 33).

Plaintiff subsequently filed two additional motions for a preliminary injunction. (Dkt. No. 98 at 1). Plaintiff asks that the Court order he be sent to an ENT provider to check "calcified nodules" in his lungs, that Plaintiff be "transferred to a 24 hour medical facility," and that Plaintiff be protected from the "slanderous accusation" that Plaintiff is "a snitch." (*Id.* at 1-2).

On April 12, 2023, the Magistrate Judge issued an R&R recommending Plaintiff's motions be denied. On May 1, 2023, Plaintiff filed objections to the R&R. Therein, Plaintiff does not object to any specific portion of the R&R but instead reiterates the alleged factual basis for his motions. (Dkt. No. 102). On May 10, 2023, Defendants filed a reply to Plaintiff's objections. (Dkt. No. 104).

Plaintiff's motions are fully briefed and ripe for disposition.

## II.     Legal Standards

### a.  Motion for Preliminary Injunction

To obtain a preliminary injunction, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *see also*, *Smith v. Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). All four requirements must be satisfied in order for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted).

Plaintiff must "clearly" demonstrate that he is "likely" to succeed on the merits. *Real Truth About Obama*, 575 F.3d at 346–57; *Carcaño v. McCrory*, 203 F.Supp.3d 615 (M.D.N.C. Aug. 26, 2016). A party seeking a preliminary injunction must show that he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20, 129 S.Ct. 365. Irreparable injury

must be both imminent and likely; speculation about potential future injuries is insufficient. *Id.* at 22, 129 S.Ct. 365. Plaintiff bears the burden of showing that each factor supports his request for preliminary injunction. *Direx Israel, Ltd.*, 952 F.2d at 812.

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

## III.   Discussion

After a thorough review of the R&R, the applicable law, the record of this case, and Plaintiff's objections—which are not substantive in nature but rather repeat the alleged factual basis for Plaintiffs' motions—the Court adopts the R&R in its entirety and hereby incorporates the R&R by reference. Accordingly, Plaintiff's motions for preliminary injunctive relief are denied. As detailed at length in the R&R, (Dkt. No. 98 at 3-8), Defendants have put forth evidence showing Plaintiff has received extensive medical treatment for his alleged breathing difficulties and that Plaintiff's placement in a "Structured Living Unit" was the result of "assaulting another inmate."

In sum, Plaintiff cannot establish a likelihood of success on his claim for deliberate indifference nor fulfill the other requires under *Winter* to obtain injunctive relief. (*Id.* at 5-8).

IV. **Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 98) as the order of the Court and **DENIES** Plaintiff's motions for injunctive relief (Dkt. Nos. 65, 70).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

May 18, 2023
Charleston, South Carolina

-4-