**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Robbie Collins, | ) | Case No. 2:22-cv-1391-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Samantha Bernedette[1], et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 128) recommending that the Court grant Defendants Warden Turner and Grant Morris ("Defendants")'s motion for summary judgment (Dkt. No. 91) and deny Plaintiff's motions for temporary restraining orders ("TRO") (Dkt. Nos. 110, 111). For the reasons set forth below, the Court adopts the R&R as the Order of the Court, grants Defendants' motion for summary judgment, and denies Plaintiff's motions for TROs.

**I.    Background**

Plaintiff, proceeding *pro* se and *in forma pauperis*, filed a complaint against Defendants Turner, Morris, and Samantha Burdette alleging Defendants were deliberately indifferent to Plaintiff's serious medical needs regarding obtaining COVID-19 vaccination. *See* (Dkt. No. 17). Specifically, Plaintiff appears to allege that Defendants' delay in providing him a COVID booster constitutes deliberate indifference to a serious medical need under the Eighth Amendment.

---

[1] As noted in the R&R, this Defendant's correct last name is Burdette. (Dkt. No. 128 at 1 n.1).

On April 10, 2023, Defendants Turner and Morris moved for summary judgment. (Dkt. No. 91). Plaintiff opposes the motion. (Dkt. No. 101). Turner and Morris filed a reply on May 2, 2023. And Plaintiff filed a sur-reply on June 2, 2023. (Dkt. No. 108).

As noted in the R&R, Burdette did not move for summary judgment and the claims against her are thus not addressed in this order.

In September 2023, Plaintiff filed two motions for TROs (Dkt. Nos. 110, 111) wherein he complains of being denied "medical sneakers" and medical attention for his thrush and for the knots and pain at "the injection site" where he was vaccinated. Defendants oppose both motions. (Dkt. Nos. 113, 115).

On October 10, 2023, the Magistrate Judge issued an R&R recommending Defendants' motion for summary judgment be granted and that Plaintiff's motions for TROs be denied. Plaintiff did not file objections to the R&R.

The parties' motions are fully briefed and ripe for disposition.

## II.    Legal Standards

### a.    Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### b.  Motion for Temporary Restraining Order

Federal Rule of Civil Procedure 65 authorizes federal courts to issue temporary restraining orders and preliminary injunctions. "The standard for granting either a TRO or a preliminary injunction is the same." *Moore v. Kempthorne*, 464 F.Supp.2d 519, 525 (E.D. Va. 2006) (citation omitted) (internal quotation marks omitted).

Both are "extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola*, 245 F.3d 335, 339 (4th Cir. 2001). The movants bear the burden to establish that (1) they are likely to succeed on the merits of their case; (2) they are likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of the equities tips in their favor; and (4) an injunction would be in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997).

### c.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

## III.  Discussion

After a thorough review of the R&R, the applicable law, and the record of this case, the Court adopts the R&R as the order of the Court and grants Defendants' motion for summary judgment. As explained in detail in the R&R, Plaintiff has not forecast evidence demonstrating Warden Turner or Nurse Morris acted with "deliberate indifference" toward Plaintiff's allegedly serious medical needs. (Dkt. No. 128 at 12-17) (explaining why Plaintiff had failed to establish Warden Turner was, *inter alia*, personally involved in the treatment or denial of treatment of Plaintiff, deliberately interfered with treatment, or tacitly authorized or was indifferent to the medical provider's conduct); (*Id.*) (noting Plaintiff has forecast no evidence that Morris acted with deliberate indifference or that "Morris knew of Plaintiff's alleged 'post-COVID complications' when he gave Plaintiff the first dose of the Moderna vaccine on May 14, 2021, nor at any time before Plaintiff's second dose of the Moderna vaccine was due on June 11, 2021." The R&R

further notes that there is "no evidence that Morris was responsible for ensuring Plaintiff received the second dose of the Modern vaccine").

The Court further adopts that portion of the R&R denying Plaintiff's motions for TROs. The R&R correctly notes that this action does not concern Plaintiff's alleged need for "medical sneakers" or thrush or complications at the injection site. *See Collins v. Taylor et. al.*, Case No. 2:23-cv-01169-RMG, Dkt. No. 29 at 3 (denying motion for temporary restraining order "as unrelated to the issues in this suit"). The R&R further correctly notes Plaintiff has failed to establish a TRO is warranted based on the *Winter* factors. (Dkt. No. 128 at 20) (noting, *inter alia*, that "noting in the record indicat[es] any Defendant[] in this action [is] aware of Plaintiff's alleged need for medical shoes" and that Plaintiff has further "been evaluated by a pulmonary specialist and has been seen by the medical department for treatment of his thrush and his alleged pain stemming from the COVID-19 vaccine").

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 128) as the order of the Court and **GRANTS** Defendant Turner and Morris's motion for summary judgment (Dkt. No. 91). Plaintiff's motions for TRO (Dkt. Nos. 110, 111) are **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

October 31, 2023
Charleston, South Carolina