IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins,<br><br>   Plaintiff,<br> v.<br><br>Samantha Bernedette,<br><br>   Defendant. | Case No. 2:22-cv-1391-RMG<br><br>**ORDER** |

 Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Defendant's motion for summary judgment (Dkt. No. 201) be granted. Plaintiff has filed objections to the R & R. (Dkt. No. 203). For reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendant's motion for summary judgment.

**Legal Standard**

 The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

Plaintiff, a prisoner acting pro se and in forma pauperis, asserts that the failure of Defendant to provide him a second dose of the Moderna COVID-19 vaccine constituted deliberate indifference to a serious medical condition and proximately caused him to contract COVID-19. By earlier order, the Court ruled that the issue of whether a person's failure to receive a second Moderna vaccine proximately caused the person to contract COVID-19 raised a "complex medical question," and the plaintiff was required to support such a claim with expert testimony. (Dkt. No. 136). Plaintiff subsequently provided various pages from the Center for Disease Control (CDC) which touted the benefits of the COVID-19 vaccines. (Dkt. No. 192-2). Plaintiff failed to identify an expert witness and produce an expert report which meets the requirements of Rule 702.

The Magistrate Judge granted Defendant's motion for summary judgment on the basis that Plaintiff had failed to provide competent expert testimony supporting his claim that the failure to receive the second Moderna COVID-19 vaccine proximately caused him to contract COVID-19. (Dkt. No. 201 at 14-16). Plaintiff filed objections to the R & R. The Court addresses those objections relevant to the dispositive issue of whether Plaintiff has satisfied the requirement that he produce competent expert testimony that meets the requirements of Rule 702.

First, Plaintiff asserts that his submissions from the CDC website meet the expert witness requirements of Rule 702. This is plainly not correct. Rule 702 requires the production of an expert opinion that is based on "sufficient facts and data," is "the product of reliable principals and methods," and "reflects a reliable application of the principles and methods to the facts of the case." An excerpt from a website does not meet this standard. Further, the documents provided

fail to address the critical issue of whether the absence of a second Moderna vaccine was the proximate cause of Plaintiff contracting COVID-19.

Second, Plaintiff argues that the Court should appoint him an expert witness under Rule 706 of the Federal Rules of Evidence because of his in forma pauperis status. This misapprehends the purpose of Rule 706. The appointment of a court expert under Rule 706 is not designed to benefit a particular party but to assist the court in its assessment of technical issues. *Boyes v. Young*, 2022 WL 214122 (S.D. W. Va. 2022). The Court is aware that retaining an expert witness can be an expensive proposition and cost prohibitive for a person acting in forma pauperis. Saying that, a party's in forma pauperis status entitles the party to proceed without filing fees and the cost of service but does not entitle the party to have the court fund a medical expert. *Muhammad v. Bunts*, 2006 WL 8442089 (N.D. W. Va. 2006).

Based on the foregoing, the Court adopts the R & R of the Magistrate Judge as the order of the Court and grants Defendant's motion for summary judgment (Dkt. No. 193). This action is hereby dismissed with prejudice.

**AND IT IS SO ORDERED.**


                                                                    s/ Richard M. Gergel
                                                                    Richard Mark Gergel
                                                                    United States District Judge

March 5, 2025
Charleston, South Carolina